# UNITED STATES DISTRIC COURT

For the
Western District of Texas
Waco Division

**FILED**
MAR 0 8 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| **Eddie Alberto Roman** ) | Case No. **W17CA065** |
| *Plaintiff* ) | |
| ) | PLAINTIFF DEMAND TRIAL BY JURY |
| v. ) | |
| ) | |
| **Doctor's Associates Inc** ) | |
| **DBA Subways** ) | |
| *Defendant No 1* ) | |
| ) | |
| **Caribbean Franchises Inc** ) | |
| **DBA Subway** ) | |
| *Defendant No 2* ) | |

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint:**

**A. The Plaintiff**

Name: Eddie Alberto Roman

Street Address: 13721 FM 2305

City and County: Belton, Bell County

State and Zip Code: Texas 76513

E-Mail: ignorantiajurisnonexcusat@yahoo.com

### B. The Defendants

Defendant No. 1

    Name: <u>Doctor's Associates Inc DBA Subways</u>

    Street Address: <u>700 S. Royal Poinciana BLVD STE 500</u>

    City and County: <u>Miami Springs, Dade County</u>

    State and Zip Code: <u>Florida, 33166</u>

Defendant No. 2

    Name: Caribbean Franchises Inc

    Street Address: 504 Avenida Luis Muñoz Rivera, 3rd Floor

    City and County: San Juan, N/A

    State and Zip Code: Puerto Rico 00918

## II. Basis for Jurisdiction

What is the basis for court jurisdiction? Federal Question

### A. If the Basis for Jurisdiction is a Federal Question

Violation of the title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101, Part 36.202- Denial of Participation and Part 36.206- Retaliation or Coercion

### III. Statement of Claim

1. On January 7, 2016 at Approximate 12:00 PM, the plaintiff, Eddie Alberto Roman, a Disabled Veteran with his Service Dog "Pilot" also known as a fully-accredited Service Dog Team, entered the defendant Subway Restaurant who is owned and/or operated by Doctor's Associates Inc and Caribbean Franchises Inc, located at Highway 2, KM, 81.0 next to the Caribbean Cinema in Arecibo, Commonwealth of Puerto Rico. A Store Manager, who was later identified as Dixie Aguilar, informed, the plaintiff, Mr. Eddie Alberto Roman, publicly and in a very loud manner, that he was not to be provided any services, because he was not blind or deaf and that his service dog was not a "guide dog" and the dog was to be removed from the premises. The plaintiff, Mr. Eddie Alberto Roman proceeded to explained the requirement under the American with Disabilities Act and pointed out that his dog was indeed marked and identified as a service dog and that he was entitled to be in the premises and at some point, even made available his ID card which clearly show the plaintiff, Mr. Eddie Alberto Roman and Pilot to be a "Fully-Accredited Service Dog Team", which Store Manager, Dixie Aguilar refused to accept. Store Manager, Dixie Aguilar, still refused to provide service citing that the plaintiff, Mr. Eddie Alberto Roman was no longer in the United States and that the rules in Puerto Rico were different. The plaintiff, Mr. Eddie

Alberto Roman disagreed with that statement and responded that he was not going to leave the store until he was properly served like any other paying customer in the restaurant. By denying goods and services to the plaintiff, Mr. Eddie Alberto Roman, the defendant, Doctor's Associates Inc and Caribbean Franchises Inc committed a civil right violation by not following the mandate under Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101, Part 36.202- Denial of participation. Causing him extreme public embarrassment and humiliation in front of other patrons, store employees and his friends which therefore cause the plaintiff, Mr. Eddie Alberto Roman, extreme anxiety and depression.

2. On January 7, 2016 at Approximate 12:00 PM, the plaintiff, Eddie Alberto Roman, a Disabled Veteran with his Service Dog "Pilot", also known as a fully-accredited Service Dog Team, entered the defendant's Subway Restaurant owned and/or operated by Doctor's Associates Inc, and Caribbean Franchises Inc, located at Highway 2, KM, 81.0 next to the Caribbean Cinema in Arecibo, Commonwealth of Puerto Rico. A Store Manager, who was later identified as Dixie Aguilar, after informing the Plaintiff, Mr. Eddie Alberto Roman that he was to be denied services and Mr. Roman's refusal to leave the premises until he was properly service in accordance with federal, threatened publicly and in a very loud and humiliating manner that the plaintiff, Mr. Eddie Alberto Roman was to be arrested by State and/or Municipal Law Enforcement Officers for allowing a

service dog in the restaurant. Store manager Dixie Aguilar proceeded to summoned law enforcement officers to the premises. While waiting for law enforcement to arrive, a Store Manager from another of the defendant's Subway owned and/or operated Doctor's Associate Inc Subway location and Caribbean Franchises Inc, later identified just as "Ivan" was summoned by an unknown person to persuade, the plaintiff, Mr. Eddie Alberto Roman to leave the premises. When the attempt was unfruitful. Store Manager Dixie Aguilar, and Ivan began to engaged in threatening language in front of Subway store clientele, employees and friends in a further attempt to publicly coerce, intimidate, threaten, or interfere with the plaintiff, Eddie Alberto Roman because of him having exercised his right granted by the American with Disabilities Act. By calling law enforcement and using intimidation tactics to coerce, intimidate, threaten with arrest, or interfere with the right of the plaintiff, Eddie Alberto Roman as stated in Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101, Part 36.202. The defendant Doctor's Associates Inc and Caribbean Franchises Inc, violated his civil rights by not following the mandate set by Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101, Part 36.206-Retaliation or coercion. Causing the plaintiff, Eddie Alberto Roman, extreme public embarrassment and humiliation and the fear of been arrested in front of other patrons, employees and friends which therefore cause extreme anxiety and depression.

**IV. Relief**

As a result of the Defendants, Doctors and Associate Inc and Caribbean Franchises Inc breach of their obligation and discriminatory conduct, Plaintiff Eddie Alberto Roman suffered depression, fear, anxiety, was subjected to public humiliation, became nervous for not being able to enter the Subway Restaurant with his service dog to get something to eat.

As a result of the defendants, Doctors and Associate Inc and Caribbean Franchises Inc, discriminatory conduct, Plaintiff Eddie Alberto Roman has suffered much and has become house-ridden, not daring to go out for fear that he will be rejected everywhere, as he was rejected at the Subway Restaurant located in Arecibo, Commonwealth of Puerto Rico.

**WHEREFORE, PREMISES CONSIDERED** , Plaintiff, Eddie Alberto Roman prays that Defendants, Doctors Associate Inc and Caribbean Franchises Inc be cited to appear and answer and that upon hearing Plaintiff have the following:

1. Requiring all company own and franchises operated Subway Restaurants in Puerto Rico to have wording that service dogs are allowed at their entrance in both English and Spanish.

2. That all Subway personnel, including management and employees in Puerto Rico received proper initial and refresher training on the American with Disabilities act requirements in regard to service dogs.

3. An award or other relief as the court considers to be appropriate, including monetary damages to which Plaintiff show himself entitle to received

4. Such other and further relief, whether at law or equity, whether at law or in equity law or in equity, to which he may show himself entitle to receive.

## V. Certification and Closing.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint : (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, needlessly increase the cost of litigation; (2) is supported by existing law or by a no frivolous argument for extending, modifying, or reversing existing law; (3) factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after reasonable opportunity for further investigation or discovery; (4) the complaint otherwise complies the requirement of Rule 11.

A. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Date of signing: _March 8 2017_

Signature of Plaintiff: _____

Printed name of Plaintiff: _____Eddie Alberto Roman_____